# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN MILEY, :
    Petitioner, :
: No. 1:17-CV-01489
vs. :
: (Judge Rambo)
FRANKLIN COUNTY DISTRICT :
ATTORNEY, et al., :
    Respondents :

## MEMORANDUM

Now pending before this Court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by pro se Petitioner Ryan Miley, a pre-trial detainee presently confined at State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). The $5.00 filing fee has been paid.

Named as Respondents are Franklin County District Attorney, Eric Augustine, and the Pennsylvania State Attorney General.[1] Petitioner states that he has been charged with burglary, criminal trespass, and criminal mischief.[2] (Doc. No. 1 at 1.) Petitioner's pending action indicates that he is challenging the legality

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242 and § 2243. Accordingly, the only properly named Respondent is Kevin Kauffman, the Superintendent of SCI Huntingdon. The Petitioner, however, will not be required to submit an amendment. Rather, the Court will liberally construe the petition as naming the proper respondent. See Maher v. Pa. Bd. of Probation & Parole, No. 3:04-CV-1277, 2005 WL 1324879, at *1 n.2 (M.D. Pa. June 3, 2005).

[2] Petitioner provides his criminal docket information for his pending criminal case before the Court of Common Pleas of Franklin County as Commonwealth v. Miley, CP-28-CR-738-2016. The Court has accessed this publicly available docket online at https://pacourts.us (accessed on October 2, 2017) and takes judicial notice of the same. Montanez v. Walsh, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014).

1

of his ongoing detention on the grounds that he has an alibi defense and there is no cause to accuse him of the above charges. (Doc. No. 1 at 2-8.) Petitioner seeks the dismissal of all charges and his immediate release from custody. (Id. at 14.)

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Case in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pa. Bd. of Prob. And Parole, No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. March 19, 2007). In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where … the necessary facts can be determined from the petition itself…." Gorko v. Holt, No. 4-CV-5956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).

Based upon Petitioner's representation that he has not yet been convicted or even tried on the state criminal charges underlying this action, he is clearly a pre-trial detainee. His pending Petition challenges the validity of his congoing state criminal prosecution. Although "federal habeas corpus is substantially a post-

conviction remedy," 28 U.S.C. § 2241(c)(3) provides this Court with limited jurisdiction to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975); see also Duran v. Thomas, 393 F. App'x 3 (3d Cir. 2010). "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.' " Duran, 393 F. App'x at 4 (quoting Moore, 515 F.2d at 445-46). "[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Moore, 515 F.2d at 443; see also Calihan v. Superior Court, 158 F. App'x 807 (9th Cir. 2005) (absent special circumstances," [p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court similarly observed that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc. Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests;

and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id. However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, Civ. No. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The Court of Appeals for the Third Circuit in Moore addressed a denial of speedy trial claim. It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." Moore, 515 F.2d at 449.

The Court finds no assertions in Petitioner's instant petition which suggests that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter – if necessary – raise those claims before the Pennsylvania state appellate courts. Moreover, Petitioner does not indicate that he

will suffer irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under Moore and Younger which would necessitate immediate intervention by this Court. Indeed, a trial is scheduled for December, 2017, which indicates that the state court process is available to him. Accordingly, out of deference to the state judicial process, it is appropriate to abstain from entertaining the instant petition and the Court will therefore dismiss the petition without prejudice. An appropriate Order follows.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: October 4, 2017